UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GAIL CHISUM                                                    CIVIL ACTION

VERSUS

MERCEDES-BENZ USA, LLC ET AL.                      NO.: 18-661-BAJ-EWD

RULING AND ORDER

Before the Court is Defendant Mercedes-Benz USA, LLC's **Motion to Dismiss**
**(Doc. 12)** Plaintiff Gail Chisum's claims for lack of subject-matter jurisdiction. For
the reasons that follow, the **Motion (Doc. 12)** is **DENIED**.

I.    BACKGROUND

This breach-of-warranty case arises from Gail Chisum's purchase of a
motorhome that he contends is defective. (Docs. 22).

Chisum sued Mercedes-Benz, alleging claims under the Louisiana Civil Code's
redhibition articles and the Magnuson-Moss Warranty Act. (Doc. 1). In his original
complaint, he alleges that he bought a $102,000 Mercedes-Benz motorhome and that
the motorhome is defective. (*Id.*). He alleges that the Court has subject-matter
jurisdiction under the Magnuson-Moss Warranty Act. (*Id.* at ¶ 3).

Mercedes-Benz moves to dismiss Chisum's suit for lack of subject-matter jurisdiction. (Doc. 12). It argues that the Magnuson-Moss Warranty Act's amount in controversy requirement is not met because the only item on the motorhome that it warranted is a chassis with an MSRP of $39,055. (Doc. 12-1 at p. 2). It reasons that, because its breach-of-warranty liability cannot exceed the value of the item it warranted, it is "legally certain" that Chisum cannot satisfy the amount in controversy requirement. (*Id.* at p. 4). Chisum disagrees. (Doc. 17).

Chisum argues that his good-faith demand of more than $100,000 controls. (*Id.* at p. 4). He offers summary judgment-type evidence, including an affidavit, to support his assertion that at least $50,000 is in controversy. (Doc. 17-1). And he correctly notes that the amount in controversy under the Magnuson-Moss Warranty Act is "computed on the basis of *all* claims to be determined in [the] suit," not just his claims against Mercedes-Benz. *See* 15 U.S.C. § 2310(d)(3)(B) (emphasis added).

To clarify the amount in controversy, Chisum amended his complaint to name two more defendants: Winnebago Industries and Miller's RV Center. (Doc. 22). In his amended complaint, he alleges that he bought a $102,000 Winnebago motorhome from Miller's RV Center and that the motorhome is defective. (*Id.* at ¶ 13). He seeks to rescind the sale and recover the purchase price. (*Id.* at ¶ 29). He again alleges that the Court has subject-matter jurisdiction under the Magnuson-Moss Warranty Act. (*Id.* at ¶ 5).

## II.    LEGAL STANDARD

This Court is a court of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because Chisum invokes the Court's jurisdiction, he bears the burden of proving it. *See United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 327 (5th Cir. 2017).

## III.   DISCUSSION

### A.    The Magnuson-Moss Warranty Act

The Magnuson-Moss Warranty Act grants federal courts jurisdiction over claims for breach of warranty when the amount in controversy is at least $50,000. *See* 15 U.S.C. § 2310(d)(3)(B). To determine the amount in controversy under the Act, the Court looks to the measure of damages under state law. *See Scarlott v. Nissan North Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Louisiana law supplies that measure.

### B.    Damages for Breach of Warranty

A claim for breach of warranty in a contract of sale is a redhibition claim. *See Austin v. North Am. Forest Prods.*, 656 F.2d 1076, 1083 (5th Cir. 1981). Under Louisiana law, a seller "warrants the buyer against redhibitory defects, or vices, in the thing sold." La. Civ. Code art. 2520.

A defect can be redhibitory in two ways: (1) "it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the

thing had he known of the defect[,]" or (2) "it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price." *Id.* Chisum alleges that the motorhome is defective in the first way.[1] (Doc. 22 at ¶¶ 18, 28).

The damages recoverable in a redhibition action turn on the seller's knowledge of the defect. *See* LA. CIV. CODE art. 2545. A seller who knows of the defect "is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees." *Id.* A seller who is a manufacturer "is deemed to know that the thing he sells has a redhibitory defect." *Id.*

Chisum alleges that Mercedes-Benz and Winnebago Industries are "manufacturers." (Doc. 22 at ¶ 22). So the amount in controversy for Chisum's redhibition claims equals the price of the motorhome plus the "reasonable expenses occasioned by the sale." *See* LA. CIV. CODE art. 2545.[2]

---

[1] Federal jurisdiction "ordinarily depends on the facts as they exist when the complaint is filed." *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 830 (1989). But a plaintiff may amend his complaint to clarify the amount in controversy that existed at the time he sued. *See* 28 U.S.C. § 1653. That is what happened here: Chisum's amended complaint clarifies the amount in controversy; it does not impermissibly modify that figure. (Doc. 22). So the Court considers Chisum's amended complaint in its amount-in-controversy analysis.

[2] Although Civil Code Article 2545 allows Chisum to recover attorney's fees, such fees do not count towards the amount in controversy under the Magnuson-Moss Warranty Act because the Act requires that the amount in controversy be calculated "exclusive of interests and costs," and attorney's fees are "costs." *See Scarlott,* 771 F.3d at 887 (citing *Boelens,* 748 F.2d at 1069).

## C. Chisum's Amended Complaint and the Amount in Controversy

The amount in controversy is what Chisum claims, not what he is "likely to win or be awarded." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). The standard for determining the amount in controversy depends on whether Chisum demanded a specific amount of damages in his amended complaint. *See Scarlott*, 771 F.3d at 888.

If he did, then that amount is "dispositive of jurisdiction if the claim is apparently made in good faith." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984) (Wisdom, J.) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–289 (1938)).

If he did not, then he must prove by a preponderance of the evidence that the amount in controversy is at least $50,000. *See Scarlott*, 771 F.3d at 888. He may so prove by (1) showing that it is "facially apparent" from his complaint that the amount in controversy is met or (2) offering summary judgment-type evidence showing that the amount in controversy is met. *See id.*

### 1. Chisum Did Not Allege a Specific Amount of Damages

In his amended complaint, Chisum alleges that his damages "exceed $100,000." (Doc. 22 at ¶ 43). He does not allege a *specific* amount of damages. (*Id.*). He contends, however, that it is facially apparent from his amended complaint that he claims at least $50,000 in damages. (Doc. 17). The Court agrees.

## 2.   Damages of $50,000 are Facially Apparent

Viewing Chisum's amended complaint, it is facially apparent that his claims meet the $50,000 threshold. (Doc. 22). Chisum alleges that the purchase price of the motorhome was $102,000. (Doc. 22 at ¶ 10). Louisiana law allows him to recover that price, plus "reasonable expenses occasioned by the sale." *See* LA. CIV. CODE art. 2545. So it is facially apparent that Chisum's total damages well exceed the $50,000 amount in controversy requirement. *See, e.g.*, *Dartez v. United Homes, Inc.*, No. 15-CV-1749, 2015 WL 5159069, at *4 (W.D. La. Sept. 2, 2015). The Court therefore finds that Chisum has met his burden of proving that this Court has subject-matter jurisdiction under the Magnuson-Moss Warranty Act. *See* 15 U.S.C. § 2310(d)(1)(B).

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 12)** filed by Mercedes-Benz USA, LLC is **DENIED**.

Baton Rouge, Louisiana, this 15ᵗʰ day of April, 2019.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**