UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GAIL CHISUM | CIVIL ACTION |
| VERSUS | |
| MERCEDES-BENZ USA, LLC | NO. 18-00661-BAJ-EWD |

**ORDER**

Before the Court are the **Plaintiff's Motion to Strike Witness (Doc. 64)** and **Motion in Limine to Exclude Untimely Expert Opinions (Doc. 92)**. The Motions are opposed. (Docs. 67, 95). For the following reasons, the Motions are **DENIED.**

**I. BACKGROUND**

Plaintiff purchased a 2014 Winnebago View, Model WM524M motor home (the "Vehicle") from Miller's RV Center in Baton Rouge, Louisiana in April 2015. (Doc. 22, p. 3). On June 27, 2018, Plaintiff filed suit against Defendant to recover damages under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("MMWA"), and Louisiana's redhibition law, alleging that the continued illumination of the check engine and other lights breached the express and implied warranties on the Vehicle. *See* (Doc. 22).

Pursuant to the scheduling order entered by the Court on October 21, 2019, as modified by the Court's Order of June 9, 2020, Defendant was obligated to disclose its expert witness list by July 1, 2020, while all expert reports were due by July 31, 2020. All other discovery was to be completed by July 1, 2020. Plaintiff

1

alleges that Defendant identified Hess Crocket as an expert witness for trial and produced his expert report on July 31, 2020. (Doc. 64-1, p. 2). Plaintiff argues that any testimony by Crockett should be excluded because it was untimely disclosed. (Docs. 64, 92). Defendant asserts that, given the nature of Crockett's opinion[1], it did not believe that he should be designated as an expert subject to disclosure. (Doc. 95, p. 2). Further, Defendant argues that Plaintiff was not prejudiced or harmed by the thirty-day delay in disclosing Crockett's name—particularly as his report was timely disclosed—therefore he should be allowed to testify at trial. (Doc. 95, p. 3).

## II. LEGAL STANDARD

Where a party intends to use a witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705, the disclosure of certain information is required, including:

  i. a complete statement of all opinions the witness will express and the basis and reasons for them;
 ii. the facts or data considered by the witness in forming them;
iii. any exhibits that will be used to summarize or support them;
 iv. the witness's qualifications, including a list of all publications authored in the previous 10 years;
  v. a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
 vi. a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2).

The failure to comply with the requirements of Rule 26(a) will result in the

---

[1] Defendant contends that Crockett is "not a witness retained or specifically employed to offer expert testimony, but rather an employee of [Mercedes Benz of Baton Rouge] designated to offer factual testimony as to the cost of a RPM sensor and the fact that [P]laintiff was never asked to pay for said sensors." (Doc. 95, p. 2)

alleges that Defendant identified Hess Crocket as an expert witness for trial and produced his expert report on July 31, 2020. (Doc. 64-1, p. 2). Plaintiff argues that any testimony by Crockett should be excluded because it was untimely disclosed. (Docs. 64, 92). Defendant asserts that, given the nature of Crockett's opinion[1], it did not believe that he should be designated as an expert subject to disclosure. (Doc. 95, p. 2). Further, Defendant argues that Plaintiff was not prejudiced or harmed by the thirty-day delay in disclosing Crockett's name—particularly as his report was timely disclosed—therefore he should be allowed to testify at trial. (Doc. 95, p. 3).

## II. LEGAL STANDARD

Where a party intends to use a witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705, the disclosure of certain information is required, including:

  i. a complete statement of all opinions the witness will express and the basis and reasons for them;
 ii. the facts or data considered by the witness in forming them;
iii. any exhibits that will be used to summarize or support them;
 iv. the witness's qualifications, including a list of all publications authored in the previous 10 years;
  v. a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
 vi. a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2).

The failure to comply with the requirements of Rule 26(a) will result in the

---

[1] Defendant contends that Crockett is "not a witness retained or specifically employed to offer expert testimony, but rather an employee of [Mercedes Benz of Baton Rouge] designated to offer factual testimony as to the cost of a RPM sensor and the fact that [P]laintiff was never asked to pay for said sensors." (Doc. 95, p. 2)

court striking the noncompliant information or witness, and barring the use of the information or witness to furnish evidence on a motion, at a hearing, or at trial, "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c). To determine whether a failure to comply with Rule 26(a) is substantially justified or harmless, the court considers four factors: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989) (citing *Murphy v. Magnolia Elec. Power Ass'n*, 639 F.2d 232, 235 (5th Cir. 1981)).

### III. ANALYSIS

Plaintiff argues that he would "undoubtedly be prejudiced were this Court to permit Mr. Crockett's testimony and evidence to be heard at trial." (Doc. 92-1, p. 3). Crockett was identified after the July 1, 2020 deadline for completing fact discovery. (*Id.*); (Doc. 54). Crockett was also disclosed after the deadline for Plaintiff to offer his own expert to address the opinions Crockett provided. (Doc. 92-1, p. 3). Plaintiff has not identified how he would be prejudiced by the introduction of Crockett's testimony, other than its untimeliness.

Defendant asserts that Crockett's testimony "is primarily but not exclusively factual"; therefore, it did not believe Crockett needed to be disclosed by the July 1, 2020 expert disclosure deadline. (Doc. 95, p. 5). Defendant proffers that Crockett "will offer factual testimony to the effect that the RPM sensor costs little

3

and takes only minutes to replace." (Doc. 67, p. 3). Crockett will also testify that Plaintiff "was never asked to pay for said sensors," and that the sensor repair "left the value of Plaintiff's vehicle unimpaired." (Doc. 95, p. 3). Defendant further argues that even if Crockett was untimely disclosed as an expert witness, his opinions and report were disclosed pursuant to the July 31, 2020 deadline to submit expert reports set by the Court, and therefore Plaintiff "was afforded more than adequate opportunity to depose Mr. Crockett had he wished to do so."[2] (Doc. 95, p. 5). Therefore, permitting Crockett to testify at trial will not prejudice Plaintiff. (*Id.*)

Plaintiff fails to show how he will be prejudiced by the introduction of Crockett's testimony. It is undisputed that while Crockett's resume and opinions were disclosed on the day expert reports were due, he was identified to Plaintiff thirty days after the deadline to disclose the identity and resumes of experts. (Doc. 92, p. 1). Nevertheless, Plaintiff has had a full opportunity to depose Crockett in the intervening time, including prior to the September 13, 2020 expert discovery deadline. If Plaintiff deemed it necessary, he could have requested leave to identify a rebuttal expert even though time had elapsed. Indeed, Plaintiff previously made such a request and was permitted to reopen discovery on other matters—which did not include any opinions offered by Crockett. *See* (Doc. 90). Moreover, a continuance at this time is unnecessary, as trial in this matter was delayed by six months in April 2021 and is now scheduled to begin on September 7, 2021.

---

[2] The deadline to complete all discovery from experts was September 13, 2020. (Doc. 48); (Doc. 54).

4

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motions (Docs. 64, 92) are **DENIED**.

Baton Rouge, Louisiana, this 29th day of July, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**